SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
ERIC TSAI (SBN: 273056)
etsai@grsm.com
TIMOTHY A. HANNA (SBN: 310620)
thanna@grsm.com
NICOLE B. CROCE (SBN: 347304)
ncrocecullins@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE VISMAN and NANCY VISMAN, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US, LLC; THOMPSONS OF PLACERVILLE; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** <br><br> Complaint Filed: December 27, 2022 <br> Removal Date: July 10, 2023 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FCA US, LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 22CV1855 of the Superior Court of California, County of El Dorado. In support of this removal, FCA states as follows:

I. <u>**THE REMOVED CASE**</u>

1. The removed case is a civil action commenced by Plaintiffs MIKE VISMAN and NANCY VISMAN (collectively, "Plaintiffs") against Defendants FCA and JEFF THOMPSON'S AUTO GROUP, INC. DBA THOMPSONS CHRYSLER DODGE JEEP RAM,

*erroneously sued as Thompsons of Placerville* ("Thompsons CDJR"), entitled *Mike Visman, et al. v. FCA US, LLC, et al.,* filed in El Dorado County Superior Court, Case No. 22CV1855 (the "State Action"). *See* Complaint, *generally* (Ex. A to the Declaration of Nicole B. Croce ["Croce Decl."] filed concurrently herewith).

2. Plaintiffs filed the State Action on December 27, 2022, asserting, against FCA, four causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") based on their purchase of a 2017 Ram 1500, VIN 1C6RR7NMXHS882710 ("Subject Vehicle"). Plaintiffs also asserted one cause of action for negligent repair against Thompsons CDJR. *Id.*

3. FCA was served with the Complaint on December 28, 2022. Croce Decl., ¶ 4.

4. On April 20, 2023, Thompsons CDJR and FCA filed a Motion to Compel Arbitration and Stay Action, which was scheduled to come before the El Dorado County Superior Court on July 14, 2023. Croce Decl., ¶ 7.

5. Plaintiffs dismissed Thompsons CDJR on June 30, 2023. *See* Request for Dismissal (Ex. B to Croce Decl.).

## II.     PROCEDURAL REQUIREMENTS

6. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case. 28 U.S.C. § 1446(3).

7. FCA received notice of this matter after it was served with a copy of the Complaint on December 28, 2022. As of the date of service on FCA, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, with the inclusion of Thompsons CDJR, a California entity, complete diversity of citizenship did not exist. 28 U.S.C. § 1332.

8. "[O]nly a voluntary act of the plaintiff [can] bring about removal to federal

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Id.* at 657. A dismissal entered at the request of a party is a voluntary act. *Heller v. American States Insurance Company*, Case No. 15-cv-97710-DMG, 2016 WL 1170891, *1 (C.D. Cal. Mar. 25, 2016), (citing *D & J, Inc. v. Ferro Corp.*, 176 Cal. App. 3d 1191, 1194 (1986)).

9. In light of Plaintiffs' voluntary dismissal of Thompsons CDJR on June 30, 2023, this matter was now removable based on complete diversity of citizenship between Plaintiffs and FCA.

10. Based upon the Retail Installment Sale Contract for the Subject Vehicle, counsel for FCA was able to ascertain the amount in controversy.

11. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since June 30, 2023 has not elapsed.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-B and E-M** to the Croce Decl.

13. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the State Action has been pending.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of El Dorado, promptly after filing of same in this Court.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

16. If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

18. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

19. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

20. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

21. FCA disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

2      22. In the case at bar, Plaintiffs seek monetary relief. This is a products liability case. Plaintiffs allege breach of express and implied warranties under the Song-Beverly Act. *See* Compl. (Ex. A to Croce Decl.).

    23. Plaintiffs seek monetary relief under the Song-Beverly Act including but not limited to, actual damages, restitution, incidental and consequential damages, reasonable attorneys' fees and costs of suit, and a civil penalty in the amount of two times Plaintiffs' actual damages. *See* Compl., ¶¶ 39-41, 45-46, 49, and prayer for relief at p. 10:10-19.

    24. The Song-Beverly Act authorizes a prevailing party to recover up to two times the purchase price of the vehicle as civil penalty, which is, in fact, the exact amount of civil penalties Plaintiff seek in this action. Cal. Civ. Code § 1794.

    25. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Chavez v. JPMorgan Chase & Co.* 888 F.3d 413, 417 (9th Cir. 2018) (amount in controversy includes all remedies provided by law, "whatever the likelihood that [plaintiff] will actually recover them").

    26. The amount in controversy also includes reasonable estimates of attorney's fees. *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Switft Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

    27. In their Complaint, Plaintiffs allege: (1) "[o]n or about March 11, 2018, Plaintiffs entered into a warranty contract with Defendant FCA regarding a 2017 Dodge Ram 1500…"; (2) "Plaintiffs are a 'buyer' of consumer goods under the Act"; (3) "Defects and noncomformities to warranty manifested themselves within the applicable express warranty period, including but not limited to, transmission defects; electrical system defects; engine defects; HVAC defects; battery defects…"; (4) "said defects/nonconformities substantially impair the use, value, or safety of the

Vehicle;" and (5) Defendant FCA US LLC has failed to either promptly replace the Subject Vehicle or to promptly make restitution in accordance with the Song-Beverly Act." Compl., ¶¶ 8, 10, 13, 14, 17 (Ex. A to Croce Decl.).

28. In this case, if Plaintiffs were to prevail on their claims as alleged, the award of damages easily surpasses $75,000.

29. Based on the Retail Installment Sale Contract between Plaintiff and Lampe CDJR, the total price of the Subject Vehicle was $62,354.96. Croce Decl., ¶ 12.

30. Pursuant to the Song-Beverly Act, the manufacturer is entitled to deduct an offset for the time a plaintiff drove the vehicle trouble-free. Cal. Civ. Code § 1793.2(d)(2)(C). The mileage offset is calculated pursuant to a statutory formula, whereby the cash price of the car is multiplied by the mileage the vehicle was driven "prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," and dividing this amount by 120,000. Cal. Civ. Code § 1793.2.

31. The Subject Vehicle's Carfax Report indicates the first presentation Plaintiffs made for any alleged nonconformity was on or about November 2, 2018, at approximately 14,461 miles. Croce Decl., ¶ 13.

32. Pursuant to the purchase contract, the mileage of the Vehicle at the time of sale was 33 miles. Thus, Plaintiffs drove the Vehicle 14,428 miles before the first presentation for vehicle nonconformity (i.e., 14,461 – 33 = 14,428). Using the Song-Beverly offset calculation, 14,128 miles divided by 120,000 miles, and then multiplied by the $46,450.00 cash price of the Vehicle, obtains the offset figure of ($5,584.84). Croce Decl., ¶ 14.

33. FCA is also entitled to deduct the service contract ($4,300.00), and manufacturer's rebate ($9,500.00), totaling ($13,800.00). Croce Decl., ¶ 15.

34. Subtracting the mileage offset and non-manufacturer items from the total purchase price of the Vehicle brings the amount of "actual damages" to **$42,970.12** (i.e., $62,354.96 - $19,384.84 = $42,970.12). With Plaintiffs' request for a two-time civil penalty of $85,940.24, the total damages is $128,910.36. Croce Decl., ¶ 16.

35. Adding this amount to reasonable attorney's fees which a party is entitled to under the Song-Beverly Act, which can be reasonably estimated to be at least $7,000 (25% of $28,000), it is more likely than not that the amount in controversy exceeds $75,000. *See Boone v. FCA US LLC*, Case No. 21-cv-01591, 2021 WL 5331440, *1 (N.D. Cal. Nov. 16, 2021) ("Estimating a fee award of 25% of Plaintiffs' recovery is reasonable in determining the amount in controversy").

36. Thus, the total amount in controversy exceeds $75,000.00 and the amount in controversy requirement for diversity jurisdiction is satisfied.

## IV. DIVERSITY OF CITIZENSHIP EXISTS

37. Plaintiffs are, and were at the time of filing of the Complaint, a citizen and resident of California. *See* Compl., ¶ 2 (Ex. A to Croce Decl.).

38. FCA is not a citizen of California for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ["An LLC is a citizen of every state of which its owners/member are citizens."].

39. FCA is a limited liability company organized under the laws of the State of Delaware and its sole member is FCA North America Holdings LLC, also a limited liability company organized under the laws of the State of Delaware, and the sole member of FCA North America Holdings LLC is Stellantis Ventures B.V. (formerly known as FCA Holdco B.A.), a company incorporated under the laws of the Netherlands with its principal place of business in London, United Kingdom. Stellantis Ventures B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), a public company incorporated under the laws of the Netherlands and its principal place of business is London, United Kingdom. The principal executive offices of the Stellantis N.V are located at Singaporestraat 92-100, 1175 RA Lijnden, the Netherlands. (*See* Croce Decl., ¶¶ 24-30 and Ex. L-Q; FCA's Corporate Disclosure Statement filed concurrently herewith; *see also* Fed. R. Evid. 201(b)(2) [courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."]; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ["the Court may properly take judicial notice of the SEC filings as public records of

undisputed authenticity."]).

40. Because FCA is a limited liability company, and because its ultimate owner is a foreign corporation formed under the laws of the Netherlands, FCA is not considered a citizen of California for purposes of diversity jurisdiction.

41. Since the dismissal of Thompsons CDJR on June 30, 2023, no other parties remain in this action.

42. Accordingly, complete diversity exists between Plaintiffs and FCA.

## V. **CONCLUSION**

45. Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: July 10, 2023

Respectfully submitted,
GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Nicole B. Croce*
Spencer P. Hugret
Eric Tsai
Timothy A. Hanna
Nicole B. Croce
Attorneys for Defendant
FCA US LLC